[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 163 
The plaintiffs aver in their complaint a delivery of the execution to the defendant, then sheriff of the county of Chemung, on the 5th day of January, 1869, and this is not denied in the answer save as the defendant alleges that it was handed to, and left with, his deputy, and that it was not delivered to him, the defendant, in any other manner. A delivery to the deputy was a delivery to the defendant as sheriff, and the allegations of the complaint were properly assumed upon the trial as admitted by the answer, and the plaintiff rested the case upon the pleadings without other proof. There was no attempt upon the trial to show that the execution was delivered at any other or different time, or that the delivery was not absolute, or to take effect as upon a delivery at any subsequent day. A material fact alleged in the complaint, admitted by the answer and assumed as true upon the trial, cannot be challenged as untrue, or varied so as to affect the merits upon an appeal. The fact thus established and proved by the record, must be taken as true in every stage of the action. It may be added that there is *Page 164 
nothing upon the record before us, or the circumstances proved upon the trial, to cast a doubt upon the truth of the fact that the execution was delivered to the sheriff as alleged.
Evidence was given by the deputy of the sheriff that, by direction of the plaintiffs, he omitted to execute the process, or make a levy upon the chattels of the defendant therein until after the expiration of sixty days from the receipt thereof, and that he then made a levy, by direction of the plaintiffs, but the right to levy being contested by the defendant in the execution, and the plaintiffs refusing to indemnify him, he took no further action and did not proceed to sell the property upon which he had levied. Evidence was given by one of the plaintiffs, by whom the execution was delivered, that he did not remember giving instructions as testified to by the deputy sheriff. An actual levy during the life of the execution was necessary to give the sheriff dominion over the property of the defendant in the execution, or a right to sell the same. This has very recently been adjudged by the Commission of Appeals. (Hathaway v.Howell, 54 N.Y., 97.) It received a very thorough examination, and the reasons for the judgment assigned by Judges LOTT and REYNOLDS are conclusive. One or two reported cases which were supposed by some to have indicated a contrary rule, are shown to be consistent with the rule as then enunciated, and as had been before understood. Had the sheriff levied during the life of the process he might have completed its execution by a sale after that time. But he had no authority to levy or commence the execution of the process after the return-day. If the omission to make the levy during the life of the process was by direction of the plaintiffs, the sheriff was not chargeable with a neglect of duty, and was exonerated from liability. Whether, therefore, the plaintiffs gave the directions, as testified to by the deputy sheriff, was a material fact to be determined by the jury, and the defendant was entitled to have that question submitted with the instructions prayed for, that if the questions should be found in favor of the defendant he would be entitled to a *Page 165 
verdict. The defendant was not liable for a neglect or omission of duty by himself or deputy in obedience to the directions, or with the assent or by authority of the plaintiffs. The defendant also asked the judge to instruct the jury that if the plaintiffs gave special directions to the deputy sheriff not to levy, and he obeyed such instructions, he became the agent of the plaintiffs, and the defendant was not liable in the action. The defendant was entitled to this instruction. It is well settled that if a plaintiff in an execution instructs a deputy of the sheriff, to whom it is delivered, to depart from his duty in executing it, the deputy ceases to be the servant of the sheriff and becomes the agent of the party, and the sheriff is not liable for his acts or defaults. (Mickles v. Hart, 1 Den., 548; Gorham v.Gale, 7 Cow., 739.) It was error to refuse to submit the questions of fact to the jury with the instructions asked, and to direct a verdict for the plaintiffs.
The judgment must be reversed and a new trial granted.
All concur; MILLER, J., not sitting.
Judgment reversed.