## Case No. 13,464.

In re STOCKWELL et al.

[9 Ben. 265; [1] 18 N. B. R. 144.]

District Court, N. D. New York.  Nov., 1877.

BANKRUPTCY—EXECUTION—LIEN—ASSIGNEE.

An execution against a bankrupt was delivered to a sheriff prior to the filing of the petition in bankruptcy. The assignee in bankruptcy took possession of the bankrupt's property before the return day of the execution. The execution creditor, before such return day, prov-

---

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

ed his claim in bankruptcy as a claim secured by a lien as thus arising. On 1 : application of such creditor the assignee was ordered to pay, out of the proceeds of the property which he had sold, the amount of the execution, with interest.

[Cited in Crane v. Penny, 2 Fed. 189.]

[In the matter of Miles W. Stockwell and others, bankrupts.]

WALLACE, District Judge. The claimants, having delivered an execution against the bankrupts to the sheriff of Niagara county prior to the filing of the petition in bankruptcy, and the sheriff having failed to make an actual levy, now ask that the assignee pay the amount of the execution out of the funds in his hands, he having taken possession of the bankrupts' property before the return day of the execution, and the claimants, before such return day, having proved the claim as secured by a lien, by virtue of the delivery of the execution to the sheriff.

At the time the claimants proved their judgment they had a valid lien upon the bankrupts' property. That lien was acquired by the delivery of the execution to the sheriff, and an actual levy was not essential to its existence as against an assignee in bankruptcy. The claimants had two remedies: they could have directed the property to be seized under a levy and sold to satisfy their lien, or they had the right to prove the claim as a secured debt. If they had taken the former course, they might have been restrained by this court upon the application of the assignee. If they had not been so restrained, they would have been regular and protected. They were not bound to pursue the property and take it from the possession of the assignee, and they adopted the more seemly course of acquiescing in the assignee's action in taking possession of the property, and of treating their claim as one which the assignee should satisfy out of the proceeds of the property. The assignee sold the property and sufficient funds arose to pay the lien.

The assignee now contends that, inasmuch as an actual levy was not made before the return day of the execution, the lien ceased to exist; and such is doubtless the law. Smith v. Smith, 60 N. Y. 161; Hathaway v. Howell, 54 N. Y. 97. But it did not cease to exist until the return day. It existed when the claim was proved. The claimants have not lost their lien because they elected to prove their claim. If it existed when they proved, this court will recognize and enforce it, and will not hear the assignee complain because they did not proceed to seize the property and take it from his possession.

This case is similar in its facts to In re Weeks [Case No. 17,350], where the same conclusion was reached as here.

It is ordered that the assignee pay the amount of the claimants' execution, with interest.