Johnson Bros. & Co. agt. Reilly.

BRADY and BARRETT, JJ., concur.

---

## SUPREME COURT.

JOHNSON BROS. & Co. and others agt. BERNARD REILLY, sheriff, &c.

*Practice — Sheriff — Executions — Action against sheriff for false return — Answer — Mere issuing of prior executions no defense.*

In an action against a sheriff to recover for alleged false returns of several executions, the mere issuing of a prior execution is no defense in itself; nor can the sheriff stultify his own return so as to justify under another execution which he has also returned unsatisfied.

It matters not how many executions the sheriff may have had, unless there is some averment showing that they affected the plaintiffs' execution.

*Special Term, July,* 1880.

JOHNSON BROS. & Co., Bates, Reed & Cooley, Lee, Tweedy & Co., and several other judgment creditors of the late firm of Rogers & Orr Bros., brought actions last spring against ex-sheriff Reilly to recover, in the aggregate, about $25,000 for alleged false returns of the several executions issued by

them and levied upon the store of the judgment debtors, Nos. 183, 185 and 187 Eighth avenue.

Executions in favor of H. B. Claflin & Co., aggregating $55,000, were previously levied on the same property. The sheriff returned the first execution of $31,000 satisfied to the extent of $28,000, and unsatisfied for the balance. In actions Nos. 2 and 3 *nulla bona* was returned as well as on all subsequent executions.

The plaintiffs in the sheriff's suits now claim that the goods levied upon were worth $85,000, and were never disposed of in a legal manner by the sheriff, a large portion having been sold at retail without the knowledge or consent of junior execution creditors, and the balance at private auction sale, without notice, &c., and that as to subsequent execution creditors there never was a sale, and the property, or its value, was applicable to their several executions.

The sheriff, in the original answer, simply interposed the usual answer, in substance, putting in issue the allegation of property of the defendants applicable to the plaintiff's executions. In an amended answer they set up, in paragraphs 5, &c., the issuing of the prior executions Nos. 2 and 3 in the Claflin judgments, copies of which were attached as schedules. The defendant then moved to strike out this portion of the amended answer as irrelevant and immaterial on the ground that the mere issuing of a prior execution was no defense in itself, and that the sheriff cannot stultify his own return so as to justify under another execution which he has also returned unsatisfied, citing *Paton* agt. *Westervelt* (2 *Duer*, 362, 389), and *Towne* agt. *Crowder* (2 *Car. & P.*, 356).

*S. F. Kneeland*, for plaintiffs.

*Vanderpoel, Green & Cuming*, for defendants.

WESTBROOK, *J.* — The fifth and sixth claims, with the schedule attached, should be stricken out because they con-

tain, as they stand, neither in themselves or in any facts averred in the first defense, any defense. It is nowhere averred in that part of the answer that the executions in favor of Claflin & Co. were ever levied upon the property of the defendants during their life (*Smith* agt. *Smith*, 60 *N. Y.*, 161), or that they could have been, or that the property was exhausted by a sale thereof under such executions; or that the property was not ample to satisfy their execution as well as that of plaintiffs. It matters not how many other executions the defendants may have had, unless there is some averment showing that they affected the plaintiff's execution.

Motion granted, with ten dollars costs.