C. ROY CURTIS AND SON, INC., Plaintiff, *v.* EDWARD J. KANFOUSCH, Defendant.

Supreme Court, Wayne County, August 21, 1942.

*Converse & Converse*, for the plaintiff.

*Arnold L. Speiller*, for the defendant.

SEARL, J. The facts indicate that a body execution was issued against the person of the defendant, dated the 9th day of October, 1941, which contained, in substance, a direction to the sheriff of Oneida county to return the execution within sixty days after it was received by the sheriff to the clerk of Wayne county.

This instrument was received by the sheriff of Oneida county on October 21, 1941. Defendant was arrested by virtue of the execution and committed to Oneida county jail on the 1st day of July, 1942.

This motion is made for an order setting aside the execution against the defendant and discharging the defendant from the custody of the sheriff under the execution, on the ground that the defendant was arrested after the time fixed for its return. The question is squarely presented, whether an execution against the person can be properly used beyond a period of sixty days after the receipt thereof by the sheriff.

Section 640 of the Civil Practice Act, relating to " Requisites of executions generally," provides, in part: " It must require the sheriff to return it to the proper clerk within sixty days after the receipt thereof."

In *Smith* v. *Smith* (60 N. Y. 161, 164) plaintiff delivered to the sheriff an execution against the property and asked him to hold it until he received further directions. After sixty days, plaintiff directed the sheriff to make a levy. An action was brought against the sheriff for failing to levy after the sixty days. The court held that: " An actual levy during the life of the execution was necessary to give the sheriff dominion over the property of the defendant in the execution, or a right to sell the same. * * * But he had no authority to levy or commence the execution of the process after the return-day."

This reasoning is to the same effect as that found in *Hathaway* v. *Howell* (54 N. Y. 97) and in *Ansonia Brass and Copper Co.* v. *Conner* (103 id. 502).

Section 638 describes the various kinds of executions and includes those against the person.

Section 640 clearly refers to the various types of executions referred to in section 638, and relates to " Requisites of executions generally."

It, therefore, follows that if a sheriff does not have dominion over the property of the defendant after the expiration of sixty days, surely in a case where a body execution is issued, which

restrains the liberty of the defendant, the requirements are intended to be at least as strict so far as dominion over a person is concerned. The sheriff's authority to arrest the defendant ceased sixty days after the 21st day of October, 1941.

Order may be entered accordingly.